UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APEX SHIPPING CO. (NYC), INC., et al.,<br><br>Defendants. | Case No. 19-cv-08032-SI<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; DENYING MOTION FOR DEFAULT JUDGMENT; AND DISMISSING ACTION**<br><br>Re: Dkt. Nos. 39, 50, 54 |

Before the Court is a motion for default judgment filed by plaintiff Travelers Property Casualty Company of America ("Travelers") against defendant Seagold (Private) Limited ("Seagold") and Magistrate Judge Ryu's Report and Recommendation that the motion be denied. Dkt. Nos. 39[1] and 54. For the reasons set forth below and for good cause shown, the Court ADOPTS Judge Ryu's Report and Recommendation and DENIES plaintiff's motion for default judgment.

**DISCUSSION**

Seagold is a company that functions as a foreign non-vessel operating common carrier ("NVOCC") licensed by the Federal Maritime Commission ("FMC"), with its principal residence in Karachi, Pakistan. Dkt. No. 50-1 ¶ 4 (Simons Decl.), Ex. L. Travelers, the insurer of Ramallah Trading Company Inc. ("Ramallah"), filed a complaint against Seagold, Apex Shipping co. (NYC),

---

[1] After filing the initial motion for default (Dkt. No. 39), plaintiff filed two supplemental briefs per court order. Though the first supplemental brief is titled as a separate motion for default, it is merely continued briefing on the original motion. The Court resolves Dkt. No. 50 through this order in addition to resolving Dkt. Nos. 39, 54.

Inc. ("Apex"), and Hyundai Merchant Marine Co. Ltd ("Hyundai"), in the Central District of California on July 17, 2019 to recover damages for damaged cargo, prejudgment interest, and costs of suit. Dkt. No. 1. Hyundai and Apex were ultimately dismissed from this case upon (1) Travelers dismissing its claims against Hyundai and (2) Travelers and Apex stipulating to Apex's dismissal. Dkt. Nos. 22, 38.

The clerk entered default against Seagold on October 28, 2019 after defendant failed to appear or otherwise respond to the summons and complaint within the time prescribed by the Federal Rules of Civil Procedure, and the Central District transferred the case to the Northern District on December 2, 2019. Dkt. Nos. 24, 30. Travelers filed a motion for default judgement on January 30, 2020 and supplemental briefs on March 31, 2020 and May 1, 2020. Dkt. Nos. 39 (Mot.), 50 (Supp. Brief), 53 (2d Supp. Brief). On August 31, 2020, Magistrate Judge Ryu issued a detailed Report and Recommendation recommending that Travelers' motion for default judgement be denied because Judge Ryu determined that the Court lacked personal jurisdiction over Seagold. Dkt. No. 54. The Report and Recommendation further stated that "[a]ny party may file objections to [the] report and recommendation with the District Judge within 14 days of being served with a copy." *Id.* at 12.[2] To date, no objections have been filed.

Judge Ryu found that subject matter jurisdiction was proper pursuant to either 28 U.S.C. § 1331 or 28 U.S.C. § 1333(1). Dkt. No. 54 at 4. Because Travelers did not argue that Seagold was subject to general personal jurisdiction in California, *see* 2d Supp. Brief at 3, Judge Ryu analyzed whether Seagold was subject to specific personal jurisdiction in California under the three-part test set forth in *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) and determined that plaintiff failed to meet its burden. Dkt. No. 54 at 5, 7. Specifically, Judge Ryu found that "Travelers' allegations about Seagold are insufficient to support a finding that [defendant] purposefully availed itself of the privilege of doing business in California." *Id.* at 7. Finally, Judge Ryu found that the exercise of general personal jurisdiction over Seagold under Federal Rule of Civil Procedure 4(k)(2) "would offend due process." *Id.* at 11 (citing *Pebble Beach Co. v. Caddy*,

---

[2] For ease of reference, citations to page numbers refer to the ECF branded number in the upper right corner of the page.

453 F.3d 1151, 1160).[3] Therefore, Judge Ryu concluded that the Court lacks personal jurisdiction over Seagold.

On September 1, 2020, pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(c), this case was reassigned to the undersigned judge. Dkt. No. 55. On September 11, 2020, plaintiff filed a request for dismissal stating:

> the sole remaining defendant SEAGOLD (PRIVATE) LIMITED has not filed a responsive pleading herein, now, therefore, pursuant to FRCP 41(a)(1)(A)(i) and/or FRCP 41(a)(2), the Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA requests that the Court dismiss this action in its entirety, without prejudice, with each party to bear its own fees and costs.

Dkt. No. 56.

The Court agrees with Judge Ryu's analysis and hereby ADOPTS the Report and Recommendation and DENIES the motion for default judgment. Accordingly, the Court DISMISSES this case without prejudice, each party to bear its own fees and costs.

**IT IS SO ORDERED**.

Dated: September 17, 2020

SUSAN ILLSTON
United States District Judge

---

[3] In light of this finding, this Court need not consider whether a NVOCC's address, which has been provided to the FMC as the location of the foreign company's "presence in the United States," may be a sufficient use of "real property situated within the state" within the meaning of New York state's long-arm statute N.Y. C.P.L.R. § 302(a)(4), thereby allowing Seagold to be subject to specific personal jurisdiction in New York.

3